**UNITED STATES of America, Appellant,**

v.

**Michael WILLIAMS, Defendant–Appellee.**

**No. 1790, Docket 94–1030.**

United States Court of Appeals, Second Circuit.

Argued June 29, 1994.

Decided Oct. 6, 1994.

Nelson A. Boxer, Asst. U.S. Atty., S.D.N.Y., New York City (Mary Jo White, U.S. Atty., Reid M. Figel, Asst. U.S. Atty., on the brief), for appellant.

Darrell B. Fields, The Legal Aid Society, Federal Defender Div. Appeals Bureau, New York City, for defendant-appellee.

Before: KEARSE and ALTIMARI, Circuit Judges, and SEYBERT, District Judge *.

ALTIMARI, Circuit Judge:

Appellant United States of America appeals from a judgment entered in the United States District Court for the Southern District of New York (Haight, *J.*), following defendant-appellee Michael Williams's plea of guilty to two counts of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2. The district court downwardly departed from the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range based on evidence of Williams's genuine desire to rehabilitate himself from his drug addiction. The district court sentenced Williams to a term of 60 months' imprisonment on each count, to be served concurrently, followed by ten years' supervised release, and a mandatory $100 special assessment. On appeal, the government contends that the district court erred in granting a downward departure from the applicable Guidelines range because Williams's post-arrest efforts at rehabilitation were insufficient to justify

---

* Hon. Joanna Seybert, Judge, United States District Court for the Eastern District of New York, sitting by designation.

such a departure. We agree, and accordingly, vacate the judgment of the district court and remand the case for resentencing.

## BACKGROUND

Williams was arrested on February 10, 1993 for his participation in two separate sales of approximately 25 grams and approximately 26 grams of crack to a Bureau of Alcohol, Tobacco, and Firearms undercover agent. He was subsequently indicted and charged with one count of conspiracy to distribute in excess of 50 grams of cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846.

On July 16, 1993, pursuant to a written plea agreement with the government, Williams pleaded guilty to two counts of a superseding information charging him with distribution and possession with intent to distribute more than five and less than fifty grams of cocaine base in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B), and 18 U.S.C. § 2 with respect to the two sales of crack. As a result of this plea agreement, Williams's mandatory minimum sentence was reduced from ten years' to five years' imprisonment, *see* 21 U.S.C. §§ 841(b)(1)(B), and under the Career Offender provision of the Guidelines, Williams's base offense level was reduced from 37 to 34, *see* U.S.S.G. § 4B1.1(B). In addition, the government agreed not to oppose a four-level reduction for minimal participation in the offense under U.S.S.G. § 3B1.2(a) and a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Accordingly, the parties stipulated that Williams's total offense level was 27, his Criminal History category was VI, and his sentencing range was 130 to 162 months' imprisonment. The parties agreed not to seek any departures from the Guidelines range.

The Probation Department prepared a Presentence Report ("PSR") dated September 21, 1993, which adopted the parties' Guidelines stipulations. With respect to the issue of departures, the PSR stated that "[t]here are no known mitigating or aggravating circumstances concerning the offense that would warrant a departure from the prescribed guideline range." The PSR recommended imposition of a sentence of 130 months' imprisonment, five years' supervised release, and a mandatory $100 special assessment.

In a letter to the district court dated October 15, 1993, Williams's counsel requested that Williams be sentenced to 130 months' imprisonment and enclosed for the court's consideration a letter from Williams and an additional letter addressed to Williams from the Federal Correctional Institution in Otisville, New York ("FCI Otisville"). In his letter, Williams asked the court to recommend that he serve his sentence at Butner Correctional Center in North Carolina ("FCI Butner") so that he could maintain ties with his family as well as enroll in three courses offered there: the drug treatment program, the precision lens grinding course, and the optical laboratory mechanic course. The letter from FCI Otisville reported that while in custody, Williams had volunteered for and completed 16 hours of a 40 hour Drug Educational Program and that his classroom participation and attendance had been "flawless." The letter also stated that Williams was expected to graduate from the program in November 1993 "and [to] continue additional drug counseling programs" once he was designated.

Thereafter, the district court, *sua sponte*, gave notice to the parties that it was considering a downward departure from the applicable Guidelines range. Citing Williams's voluntary participation in a drug education program at FCI Otisville as well as Williams's desire to serve his sentence at FCI Butner because the facility offered a drug rehabilitation program, the district court found there was "considerable evidence of Williams's desire to rehabilitate himself" so as to permit a downward departure on that ground.

The government made an application to the district court to reconsider its decision to depart, and to sentence Williams within the Guidelines range as stipulated by the parties and recommended by the PSR. On December 8, 1993, the district court denied the application, stating:

I think I should also stress for the possible benefit or at least edification of a reviewing tribunal the additional factor which I took into account in Mr. Williams's favor, and still do today, and that is the impression that he makes upon me through his demeanor and words in addition to [his] conduct I have summarized, that he is entirely genuine and determined to overcome the drug addiction which up to this point has thoroughly ruined his life. . . .

I think it is fair to consider the justice— that's the word for it, I suppose—of a downward departure in the context also of what the guidelines would otherwise require, and here the guidelines would require a minimum sentence of 130 months . . . that length of incarceration is surely more than is necessary to give to Mr. Williams all that the prison system can give to him in respect of drug rehabilitation.

The court then departed downwards from the Guidelines range of 130 to 162 months' imprisonment, and imposed concurrent sentences of 60 months' imprisonment and ten years' supervised release, and assessed a mandatory $100 special assessment.

The government now appeals.

## DISCUSSION

On appeal, the government contends that the district court improperly granted a downward departure under the Sentencing Guidelines because Williams's post-arrest efforts at ending his drug dependence were insufficient to warrant a downward departure. Alternatively, the government argues that in the event this Court finds that the record supports a departure, the extent of the departure was unreasonable.

■ We review *de novo* the legal issue of "[w]hether a particular factor is a permissible ground for departure," *United States v. Mickens,* 926 F.2d 1323, 1332 (2d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 940, 117 L.Ed.2d 111 (1992); *see also United States v. Joyner,* 924 F.2d 454, 459 (2d Cir.1991) (*de novo* review of "the legal issue of whether a factor was permissibly relied on as grounds for a departure"), and we review for clear

error the district court's factual findings as to the existence of that factor, *see United States v. Barone,* 913 F.2d 46, 50 (2d Cir. 1990). If there is no clear error in the district court's factual findings and no error in its conclusion that the factor is a permissible ground for departure, the court has discretion in determining what aggravating or mitigating circumstances to consider, *see generally United States v. Palta,* 880 F.2d 636, 639 (2d Cir.1989); *United States v. Sturgis,* 869 F.2d 54, 56 (2d Cir.1989), and we review the resulting sentence to determine whether or not it is reasonable, *see, e.g., United States v. Maier,* 975 F.2d 944, 949 (2d Cir.1992); *Palta,* 880 F.2d at 639; 18 U.S.C. § 3742(e)(3).

■ Under the Sentencing Reform Act of 1984, Congress directed a district court to consider a variety of factors when imposing sentence. 18 U.S.C. § 3551 *et seq.* Among these factors are the characteristics of the defendant, the seriousness of the offense, the need for just punishment and deterrence, the protection of the public, and the defendant's need for medical care or other correctional treatment. 18 U.S.C. § 3553(a). In addition, Congress further directed the district court to examine "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant" under the Guidelines, 18 U.S.C. § 3553(a)(4), as well as to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6).

■ A downward departure from the applicable Guidelines range is permissible only if there exists a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). Although the Guidelines afford the district court flexibility in sentencing, the power to depart is to be used sparingly and is reserved for unusual cases. *See United States v. Merritt,* 988 F.2d 1298, 1309 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2933, 124 L.Ed.2d 683 (1993).

We have held that in an appropriate case, a defendant's rehabilitative efforts in ending his drug dependence may be a permissible ground for a downward departure. *See United States v. Maier*, 975 F.2d 944, 948 (2d Cir.1992). In doing so, we acknowledged that "there is a line to be observed between a faithful endeavor to apply the statutory sentencing requirements and a deliberate, though well-intentioned, effort to circumvent them." *Id.* In finding that the district judge in *Maier* had not crossed the line, we observed that "[h]e ha[d] not departed simply because the defendant ha[d] entered a [drug] rehabilitation program." *Id.* We noted that "[s]uch programs, easily entered but difficult to sustain, cannot be permitted to become an automatic ground for obtaining a downward departure." *Id.; see also United States v. Monk*, 15 F.3d 25, 29 (2d Cir.1994). The rehabilitative effort presented in this case is even less than that; here, Williams simply attended a drug *education* program. Clearly, this was not the rehabilitative effort we contemplated in *Maier*.

In *Maier*, we considered a departure based on a defendant's participation in a drug treatment program where the district court examined all of the circumstances surrounding the defendant's efforts at drug rehabilitation, "including the nature of the defendant's addiction, the characteristics of the program she has entered, the progress she is making, the objective indications of her determination to rehabilitate herself, and her therapist's assessment of her progress toward rehabilitation and the hazards of interrupting that progress." *Maier*, 975 F.2d at 948–49. Notably, the defendant in *Maier* engaged in extensive drug rehabilitation, including participation in a methadone maintenance program, an in-patient detoxification program, and psychoanalysis. *Id.* at 945. Based on the defendant's extraordinary strides toward rehabilitation over an extended period of time, this Court affirmed the departure. *See id.* at 948–49; *see also Monk* 15 F.3d at 28– (approving ruling of district court that it had no authority to grant downward departure on ground of attempted drug rehabilitation unless the rehabilitation were successful or the efforts were extraordinary, and remanding for consideration of whether a departure was warranted on other grounds).

In the case before us, however, we are unpersuaded that the district court's departure based on Williams's attendance in a drug education program and genuine desire to enroll in a drug treatment program was proper. In reviewing the record, we find the absence of sufficient mitigating circumstances that would justify a downward departure. Williams has simply attended 16 hours of a 40 hour drug education program offered at FCI Otisville, the purpose of which is not to provide treatment for drug dependence, but rather to inform inmates of the dangers of drug addiction and to motivate inmates in need to seek drug abuse treatment while incarcerated and upon release. Williams has not yet even entered a drug treatment program and can point to few objective indications of his progress towards overcoming his drug dependence. At best, Williams has exhibited a genuine desire to seek rehabilitative treatment in the future.

In sum, to the extent that the court did not recognize that the efforts must be extraordinary, it misapplied the law; to the extent that it found that the efforts were extraordinary, its finding is clearly erroneous.

As a result of our conclusion that Williams's rehabilitative efforts are insufficient to warrant a downward departure, we need not address the issue concerning the reasonableness of the departure. We have examined Williams's remaining arguments and find them to be without merit.

## CONCLUSION

Based on the foregoing, we vacate the judgment of the district court and remand the case for resentencing consistent with this opinion.