**UNITED STATES of America, Appellant,**

v.

**Daniel NORMANDEAU, Defendant–Appellee.**

No. 02–1587.

United States Court of Appeals, Second Circuit.

April 28, 2003.

574

Paul J. Van de Graaf, Assistant United States Attorney, Burlington, VT (Peter W. Hall, United States Attorney, David V. Kirby, First Assistant United States Attorney, and Thomas D. Anderson, Assistant United States Attorney, on the brief), for Appellant.

Mark A. Kaplan, Jarvis & Kaplan, Burlington, VT, for Appellee.

PRESENT: JACOBS, STRAUB, Circuit Judges, and CARMAN, Chief Judge.*

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of April, two thousand and three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

During the summer of 2001, as part of its investigation into heroin trafficking in central Vermont, the Vermont State Police Drug Task Force made three separate controlled heroin purchases from Defendant–Appellee Daniel Normandeau. Thereafter, on September 10, 2001, Normandeau was arrested for heroin trafficking and was subsequently indicted for distribution of heroin. Normandeau entered into a plea agreement with the government and, on March 13, 2002, he pleaded guilty to one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).

In his pre-sentencing submission to the District Court, Normandeau sought, *inter alia*, a downward departure for extraordinary rehabilitation. In its reply, the government objected to such a departure, arguing that Normandeau's completion of a treatment program while incarcerated was not extraordinary. At Normandeau's sentencing hearing on September 5, 2002, Dr. Lisa Marsch, a psychologist with expertise in the treatment of opiate addiction, testified at length about Normandeau's drug history, the nature of his addiction and the numerous factors that demonstrated to her that he has good prospects for remaining

---

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

drug free. She also explained that Normandeau's successful completion of the drug treatment program at the Addison County jail was particularly surprising because the inmates have to quit without the benefit of any of the available medications that treat opiate dependence.

At the end of the sentencing hearing, the District Court granted Normandeau a six-level downward departure for his "extraordinary rehabilitation" and sentenced him to 32 months in prison, to be followed by three years of supervised release. In its "Statement of Reasons for Sentence," the District Court explained that this departure was warranted because Normandeau "successfully completed the drug rehabilitation program offered at the Addison County Jail. He also volunteers 10–12 hours a day helping in the kitchen with meal preparation, serving and clean-up. He continues to make significant recovery from his heroin use as testified to by Dr. Marsch." In addition, the District Court indicated that it was "frankly ... impressed" by the letter that Normandeau submitted to the court regarding his background, heroin addiction, rehabilitation and prospects for continued abstinence.

On appeal, the government challenges this sentence, arguing that the District Court abused its discretion in downwardly departing on the basis of extraordinary rehabilitation because Normandeau's efforts were "not sufficiently extraordinary" to justify a departure.

As set forth by the Supreme Court in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), we review the grant of a downward departure for an abuse of discretion. *See id.* at 98–100, 116 S.Ct. 2035. The *Koon* Court emphasized that in most cases a district court's downward departure would be "due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Id.* at 98, 116 S.Ct. 2035 (noting that "[d]istrict courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do."). Relatedly, we accept the district court's factual findings unless they are clearly erroneous. *See* 18 U.S.C. § 3742(e).

It is well established in this Circuit that "a defendant's rehabilitative efforts can, in an appropriate case, warrant a downward departure." *United States v. Maier*, 975 F.2d 944, 945 (2d Cir.1992) (affirming the district court's downward departure). In *Maier*, we enumerated the factors that were "pertinent" to the extraordinary rehabilitation inquiry, "including the nature of the defendant's addiction, the characteristics of the program she has entered, the progress she is making, the objective indications of her determination to rehabilitate herself, and her therapist's assessment of her progress toward rehabilitation and the hazards of interrupting that progress." *Id.* at 948–49. More recently, in *United States v. Bryson*, 163 F.3d 742 (2d Cir. 1998), we made clear that the evaluation of extraordinariness focuses on the particular circumstances of each defendant's case. *Id.* at 748–49 ("Much depends on the baseline from which an individual's extraordinary rehabilitation can be measured.").

The government's principal argument in this case is that there is nothing in the record about the requirements of the Addison County jail drug treatment program or the degree of Normandeau's participation. At oral argument, however, we understood the government to have conceded that this program was developed by the two District Judges in Vermont. In addition to Dr. Marsch's testimony about the program, then, the District Court clearly had a basis for evaluating the extraordinariness of Normandeau's participation in and successful completion of this particular pro-

gram. *Cf. Koon,* 518 U.S. at 98, 116 S.Ct. 2035. And although the government argues that Normandeau's participation in the Addison County jail program does not distinguish him from the other federal inmates at that facility, Normandeau did not merely *participate* in the program; he *successfully completed* it.

In addition, the government claims that the District Court's consideration of Normandeau's volunteer work at the jail is "baffling." We reject the assertion that evidence of a defendant's volunteer work (particularly where, as here, it involves 10–12 hours of work per day) is irrelevant to the extraordinary rehabilitation analysis. *See Bryson,* 163 F.3d at 749 (explaining that defendant's "regular employment" and helpfulness at home were relevant to extraordinary rehabilitation analysis); *United States v. Rodriguez,* 724 F.Supp. 1118, 1119 (S.D.N.Y.1989) (finding that defendant's return to being "provider" for his family and "productive citizen" were relevant to the decision to grant a downward departure).

Finally, this case is clearly distinguishable from those cases in which we have vacated a district court's downward departure for extraordinary rehabilitation. For example, in *United States v. Williams,* 37 F.3d 82 (2d Cir.1994), the district court granted the defendant a downward departure after he attended less than half of a 40–hour drug *education* program. *See id.* at 86. We rejected the suggestion that a downward departure for extraordinary rehabilitation could be appropriate where the defendant had not yet entered any *treatment* program (but had merely expressed a "genuine interest" in seeking treatment). *Id.* And in *Bryson,* we vacated one defendant's downward departure because the only evidence of his purported rehabilitation (other than his attorney's opinion) was his mother's statement that he had "learned his lesson." 163 F.3d at 745, 748.

Despite the government's arguments to the contrary, the evidence presented by Normandeau and credited by the District Court in this case is much more substantial than the showings that we rejected in *Williams* and *Bryson.*

We have reviewed the record in its entirety and have considered all of the government's arguments. While we agree with the District Court's assessment that this case was a "close call," we reject the government's contention that the decision to grant a downward departure on these facts was an abuse of discretion. Accordingly, the judgment of the District Court is hereby AFFIRMED.