**UNITED STATES of America,**
**Appellee,**

v.

**Jason WILSON, Defendant–Appellant.**

**No. 03–1453.**

United States Court of Appeals,
Second Circuit.

March 12, 2004.

Steven M. Statsinger, The Legal Aid
Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Michael Y. Scudder, Jr., Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, and Adam B. Siegel, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge,
CARDAMONE, Circuit Judge, and
GLEESON,* District Judge.

SUMMARY ORDER

Defendant-appellant Jason Wilson appeals from a judgment of conviction entered on July 28, 2003 in the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge* ), following Wilson's plea of guilty. Wilson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to 77 months' imprisonment, to be followed by three years' supervised release.

* The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

Wilson argues that the district court erred in refusing to grant him a downward departure to facilitate his drug rehabilitation. Wilson had requested that the district court reduce his total offense level by as many as 21 levels (a departure that would have exempted Wilson from prison time altogether) to permit him to participate in two non-custodial rehabilitation programs to which he had been admitted. The district judge denied the request because, in his "view under the law," the fact that the Bureau of Prisons offered drug rehabilitation programs precluded any downward departure on the ground requested. Wilson argues on appeal that the district court erroneously concluded that it lacked the authority to grant a downward departure under the circumstances. We dismiss the appeal for lack of jurisdiction.

"[A] sentencing court's refusal to grant a downward departure is not normally reviewable on appeal." *United States v. Montez–Gaviria*, 163 F.3d 697, 701 (2d Cir.1998). Only where "the sentencing judge mistakenly believes that he or she lacks authority to grant a given departure" does this court have jurisdiction to hear the appeal. *United States v. Clark*, 128 F.3d 122, 124 (2d Cir.1997). Here, the district judge did not misunderstand his authority to depart. Although a downward departure may be warranted "to enable a defendant . . . to take advantage of the *only* treatment program then available *within the federal prisons,"* *United States v. Middleton*, 325 F.3d 386, 390 (2d Cir. 2003) (emphasis added); *see United States v. Williams*, 65 F.3d 301, 306 (2d Cir.1995) (upholding grant of downward departure where "the only [drug rehabilitation] program available . . . would not take [the defendant] unless he were within 18 to 36 months of release"), no such departure is warranted where, as here, the defendant seeks to avail himself of non-custodial rehabilitation programs in lieu of available

Bureau of Prisons programs. *See Middleton*, 325 F.3d at 390 (distinguishing *Williams*).

For the reasons set forth above, the appeal is hereby DISMISSED.