**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFONSO LEOS-HERNANDEZ,

Defendant - Appellant.

No. 05-3020

(D. Kansas)

(D.C. No. 04-CR-10190-MLB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **BARRETT,** Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

Alfonso Leos-Hernandez pleaded guilty to a one-count indictment charging him with illegal reentry after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). As part of the plea agreement he waived all rights to appeal on any ground except (1) upward

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

departures and (2) use of an allegedly time-barred prior conviction to enhance his sentence under United States Sentencing Guidelines (USSG) § 2L1.2(b). He specifically waived any right to have facts that might enhance his sentence determined by a jury, and agreed that the court would impose sentence under the Sentencing Guidelines after finding facts by a preponderance of the evidence.

On January 3, 2005, Mr. Leos-Hernandez was sentenced to 87 months' imprisonment. In imposing sentence the district court applied a 16-level enhancement to his base offense level because of a 1986 manslaughter conviction, which Mr. Leos-Hernandez admitted to as part of the plea agreement.

Counsel for Mr. Leos-Hernandez has filed an *Anders* brief stating the issues his client wishes to raise on appeal and why they have no merit. *Anders v. California*, 386 U.S. 738 (1967). We agree with counsel that there are no meritorious issues to be raised on appeal, grant his motion to withdraw, and dismiss the appeal.

Mr. Leos-Hernandez desires to raise two issues on appeal: (1) whether his 1986 conviction qualified him for the 16-level enhancement under USSG § 2L1.2(b), and (2) whether remand for resentencing is required under *United States v. Booker*, 125 S.Ct. 738 (2005). Counsel believes that neither issue has any merit and has filed a motion to withdraw. The procedure for appointed counsel to withdraw on appeal is set out in *Anders v. California*:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744.

Counsel is correct that the Sentencing Guidelines provide no time limit on the prior convictions that may be used to enhance a sentence under USSG § 2L1.2(b). The Application Notes specifically provide that "'[s]entence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2 . . . *without regard to the date of the conviction*." USSG § 2L1.2 comment (n.1(B)(vii)) (emphasis added); *see United States v. Stultz*, 356 F.3d 261, 268 (2d Cir. 2004) ("The Sentencing Guidelines provide no time limit on the prior federal and state convictions that may be used to trigger a sentence enhancement."). Thus, the time limits imposed in USSG § 4A1.1 are inapplicable. *See* USSG § 2L1.2 comment (n.6) ("A

conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)."). The issue is therefore wholly frivolous.

Counsel is also correct that remand for resentencing is not required in light of *Booker*. First, Mr. Leos-Hernandez waived any right to appeal this issue. Second, he specifically agreed to be sentenced by the judge under the guidelines and waived his right to have a jury determine facts that might enhance his sentence. Therefore, this issue is also wholly frivolous.

In his supplemental brief Mr. Leos-Hernandez argues that use of his prior conviction to enhance his sentence was improper under *Shepard v. United States*, 125 S. Ct. 1254 (2005). But *Shepard* is inapplicable because he waived his right to have his sentence based on facts determined by the jury. Moreover, as discussed above, he admitted the facts necessary to impose the enhancement. *Shepard* applies only "in the absence of any waiver of rights by the defendant." *Id*. at 1262.

Finally, Mr. Leos-Hernandez suggests in his supplemental brief that his counsel coerced him into the plea agreement. Ineffectiveness claims should be raised on collateral review. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

We GRANT counsel's motion for withdrawal and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge