14-4717-cr
United States v. Fuentes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of January, two thousand sixteen.

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                *Appellee*,

                v.                                          14-4717-cr

ALEXIS FUENTES, AKA Luis Santana-Avila,

                *Defendant-Appellant*.

---

Appearing for Appellant:        Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appearing for Appellee:         Paul D. Silver, Assistant United States Attorney (Edward Grogan, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Alexis Fuentes appeals from the December 11, 2014 judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*) sentencing Fuentes to a term of 41 months' imprisonment, after he pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(2). On appeal, Fuentes argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190. "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" but "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id*. at 189 (emphasis and internal quotation marks omitted).

Fuentes's offense level for the illegal reentry offense was increased by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i) because Fuentes had previously been deported after a 2002 Pennsylvania state conviction for a drug trafficking offense with a sentence in excess of 13 months. Fuentes argues that the application of the 16-level enhancement double counts his 2002 conviction, because the state conviction was also taken into account in calculating Fuentes's criminal history. However, this Court has held that it is "well-established . . . that a district court does not err when it uses a prior offense to calculate *both* the offense level *and* the criminal history category to determine the correct Guidelines range in unlawful reentry cases." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006). This is because "the offense level and criminal history category measure different things. The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism." *Id.* (internal quotation marks omitted); *see also United States v. Campbell*, 967 F.2d 20, 25 (2d Cir. 1992). Here, the fact that the offense level was increased by virtue of a previous aggravated felony conviction indicates that "the prior conviction is a critical part of what makes the current reentry wrongful." *Campbell*, 967 F.2d at 25. Furthermore, any general argument by Fuentes that "because the illegal reentry is itself a nonviolent act, the 16-level enhancement is unduly harsh" has been expressly rejected by this circuit. *United States v. Perez-Frias*, 636 F.3d 39, 44 (2d Cir. 2011).

Next, Fuentes argues that the Section 2L1.2(b)(1)(A)(i) enhancement is "suspect because it is not supported by empirical data." Fuentes Br. at 16. Although, under *Kimbrough v. United States*, 552 U.S. 85 (2007), a district court may, in its discretion, decline to apply an enhancement that is not based on empirical evidence on the ground that doing so would yield a sentence greater than necessary, there is no basis for concluding that applying an enhancement not based on empirical data would always yield an excessive sentence. *See Perez-Frias*, 636 F.3d

at 43; *see also United States v. Rivera-Santana*, 668 F.3d 95, 101-02 (4th Cir. 2012); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

Fuentes argues for the first time on appeal that the enhancement violates his rights to equal protection and due process because there is no rational basis for the distinction between how prior felonies are counted for illegal reentry convictions and for other convictions. Because Fuentes did not raise this argument below, we review for plain error. *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). "Because the distinction drawn by the Guidelines does not involve a suspect classification or impinge on a fundamental right, it need survive only rational basis scrutiny." *United States v. Thomas*, 628 F.3d 64, 70 (2d Cir. 2010) (internal quotation marks omitted). The disparity thus survives an "equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* Further, there is "a strong presumption of validity," and "the burden [is] on the person attacking its rationality to negative every conceivable basis which might support it." *Id.* at 70-71 (internal quotation marks omitted). Fuentes has not met this high burden here, as the enhancement could serve the rational purpose of providing additional deterrence to undocumented immigrants with drug trafficking felonies and other serious crimes from reentering the country, a consideration not present with other crimes. *See United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007); *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993); *United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992).

Because the 16-level enhancement was properly applied, Fuentes's Guidelines range was 41 to 51 months. Fuentes was sentenced to 41 months' imprisonment, at the low end of the Guidelines range. Although there is no bright-line rule, "[w]e recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). This is one of the "overwhelming majority" of cases where a Guidelines sentence is reasonable. *United States v. Rodriguez*, 715 F.3d 451, 451 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1042 (2014). First, Fuentes's purported purpose in illegally reentering, to assist his teenage daughter, is not a basis for a variance, as the statute "is designed to deter deported aliens from illegally reentering for any reason, not merely from reentering in order to commit a crime." *United States v. Carrasco*, 313 F.3d 750, 755 (2d Cir. 2002). Additionally, the district court did not err in declining to impose a below-Guidelines sentence based on the facts that his prior conviction was several years old and that he did not have new convictions between his drug trafficking conviction and his arrest in this case. The Guidelines "provide no time limit on the prior federal and state convictions that may be used to trigger a sentence enhancement," *United States v. Stultz*, 356 F.3d 261, 268 (2d Cir. 2004), and Fuentes would have had no opportunity to commit another crime in the United States, as he was removed after he served his sentence for the 2002 conviction, and he was arrested immediately upon reentering the country in 2014. In sum, there is nothing about the particular circumstances of Fuentes's case that renders a 41-month sentence substantively unreasonable.

We have considered the remainder of Fuentes's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk